UNITED STATES DISTRICT COURT
WESTERN DISTRICT COURT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:15-cr-00019-TBR

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

CARY LEE MOSS                                                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Cary Lee Moss's *pro se* Motion for Compassionate Release. [DN 49]. The government has responded. [DN 51]. The government subsequently filed a sealed document. [DN 53]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Moss's Motion for Compassionate Release [DN 49] is **DENIED**.

## I. Background

Moss was indicted on June 16, 2015 on one count of knowingly possessing with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, one count of knowingly using and carrying a firearm during a drug trafficking crime, and one count of being a felon in possession of a firearm. [DN 1]. Moss pleaded guilty to the possession with intent to distribute and the felon in possession charges and the government dismissed the remaining charge . [DN 37]. On December 7, 2016, Moss was sentenced to 204 months imprisonment. [DN 44]. Moss now moves this Court for compassionate release due to Covid-19 pandemic.

## II. Legal Standard

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*,

No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for

a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors

of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

#### A. Exhaustion of Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, —— F.Supp.3d ——,2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

Here, Moss petitioned the warden on May 29, 2020 for compassionate release. [DN 49-1 at PageID 172]. The warden denied Moss's request on June 1, 2020. [*Id.* at PageID 176]. Moss filed the present motion on October 13, 2020. Therefore, Moss has exhausted his administrative remedies.

#### B. Extraordinary and Compelling Reasons

Moss argues he is entitled to compassionate release due to his medical conditions and the BOP's inability to control Covid-19. The government argues Butner FCI has monitored and managed Moss's medical conditions throughout the pandemic, and Moss has not plead any particularized risk. Moss states he has high blood pressure, congestive heart failure, and possibly COPD. Moss's medical records show he has high blood pressure, unspecified abnormalities of breathing, and he has a cardiac defibrillator. [DN 53-1 at PageID 192]. As of June 16, 2020, his medical records indicate his heart failure is in remission. [*Id.* at PageID 53-1]. The Centers for

Disease Control ("CDC") states those with high blood pressure *may* be at an increased risk for severe illness.[1] Although Moss's heart failure is in remission, there is no doubt that he has heart issues as evidenced by the medication he takes specifically for his heart. [*Id.* at PageID 193]. Those with heart conditions are at an increased risk for severe illness.[2]

Moss contends that the BOP is unable to provide adequate health care due to the pandemic. However, according to his medical records, Moss has been seen and treated for a variety of issues throughout the pandemic. [*See generally id.*] It appears that Moss has still been provided with his medication. Courts have found that a diagnosis of high blood pressure is not enough to warrant extraordinary and compelling reasons—specifically when it is being managed. *See United States v. Santana,* 2021 WL 493384, *3 (S.D. Mich. Feb. 10, 2021) (collecting cases). While Moss has been diagnosed with more conditions than high blood pressure, all of his conditions appear to be well managed. Therefore, Moss's conditions do not rise to the level of extraordinary and compelling reasons.

Moss also argues FCI Butner II is overrun with Covid-19. Butner II currently has 59 positive inmates and 4 staff members.[3] That facility has a population of 1,382 inmates.[4] There is no uncontrolled outbreak currently. Butner has also started the vaccination process. 485 inmates and 575 staff members have been vaccinated at this time.[5] The vaccination process should aid facilities in their fight to control Covid-19. While the Court recognizes the unique risk Covid-19

---

[1] Centers for Disease Control, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed February 16, 2021).
[2] *Id.*
[3] BOP Coronavirus, https://www.bop.gov/coronavirus/ (last accessed February 16, 2021).
[4] BOP, Our Locations, https://www.bop.gov/locations/institutions/btf/ (last accessed February 16, 2021).
[5] *Supra* note 3.

presents to those incarcerated individuals, a fear of contracting the virus cannot warrant release. Therefore, the Court must deny Moss's motion.

### C.  18 U.S.C. § 3553(a) Factors

Even if Moss presented extraordinary and compelling reasons, he still would not be entitled to release due to the sentencing factors. Moss has a criminal record dating back to 1995. [DN 42 at 10-16]. Those convictions include multiple convictions involving methamphetamine. Further, Moss was on parole from five prior convictions at the time of the present offense. In his motion, Moss stated he has "no desire to face criminal punishment again" and "only wants to be with and provide for his family." [DN 49 at 6]. While the Court applauds Moss's desire to better himself, at this time, his release would not align with the sentencing factors. Therefore, the Court must deny his motion.

### IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Moss's Motion for Compassionate Release [DN 49] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

February 22, 2021

cc: Cary Lee Moss
   16212-033
   FCI Butner Medium II
   Inmate Mail/Parcels
   P.O. Box 1500
   Butner, NC 27509
   PRO SE

6